# CIRCUIT COURT OF FAIRFAX COUNTY

Suzanne Marie Natal (Tarazona)

v.

Alex Junior Natal

February 28, 2012

Case No. CL-2008-1518

By Judge Jonathan C. Thacher

This matter came before the Court upon Defendant's Rule to Show Cause and Plaintiffs Motion to Reconsider the Court's May 25, 2011, Order modifying the terms of the parties' custody and support obligations. Argument was heard December 2, 2011. After considering the pleadings of the parties, and oral argument, the Court took the matter under advisement. For the reasons set forth below, Plaintiff's Motion to Reconsider is granted, and Defendant's Rule to Show Cause is dismissed.

## Background

The parties married November 25, 1998. Two children were born of the marriage. This Court subsequently entered a Final Decree of Divorce on January 21, 2009, granting Plaintiff Suzanne Tarazona sole legal custody and primary physical custody of the parties' two minor children. Defendant Alex Natal was awarded reasonable visitation rights subject to the discretion of Plaintiff and was ordered to pay $537.00 per month in child support. Both parties appear before the Court *pro se*.

The issues at bar have their origin in Defendant's motion to modify custody and support, entitled, "Visitation and Reduction of Child Support," filed May 11, 2011, and heard May 20, 2011. Though Plaintiff was not present at this hearing, Defendant assured the Court proper service upon Plaintiff had been effected. Subsequent to the May 20, 2011, hearing, the Court entered a May 25, 2011, Order reducing Defendant's child support to $150 per month. The May 25, 2011, Order expressly states that, due to defects in the Defendant's request for visitation, "the Court will take no action on Defendant's visitation request." As such, the custody and

visitation provisions of the Court's January 21, 2009, Final Decree of Divorce remain in effect.

On July 15, 2011, Plaintiff filed a Motion to Reconsider the Court's May 25, 2011, Order on the grounds that she never had notice of the May 20, 2011, hearing and was, therefore, deprived of an opportunity to advocate against Defendant's motion on behalf of herself and her minor children. Separately, on October 14, 2011, upon Defendant's sworn Petition to Show Cause, this Court issued a Rule to Show Cause, why, pursuant to Virginia Code § 20-124.2, Plaintiff should not be held in contempt of Court for failure to comply with the custody and visitation provisions of the Court's January 21, 2009, Final Decree of Divorce. The Court heard argument on both issues December 2, 2011.

At the December 2, 2011, hearing, Defendant admitted he mailed Plaintiff a copy of his motion subsequent to the motion's May 11, 2011, filing. The only other evidence in the case file pertaining to service of Defendant's Motion for Visitation and Reduction of Child Support is Defendant's corresponding Praecipe noticing the hearing of his motion, filed with the Clerk of Court on May 11, 2011. At the bottom of the Praecipe, Defendant certified as follows:

> I certify on the 20 day of May, 2011, a true copy of the foregoing Praecipe was mailed to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

Also at hearing, Defendant proffered that he has made numerous efforts to arrange visitation in recent years with the parties' children, but the Plaintiff has denied Defendant access to visitation each time. Plaintiff responded that, while the January 21, 2009, Final Decree awards the Defendant reasonable visitation, that visitation is subject to the discretion of Plaintiff and, in her discretion, Defendant's visitation requests were not in the best interests of her children.

*Analysis*

### I. *Plaintiff's Motion To Reconsider*

The first issue before the Court is whether Plaintiff was properly served with notice of hearing of Defendant's Motion for Visitation and Reduction of Child Support heard May 20, 2011. Defendant relies upon his adherence to Rule 4:15 as satisfaction of his service requirements. Rule 4:15 governs the pretrial motions practice procedures for civil case motions in circuit court and sets forth service requirements for hearings in cases already commenced when notice of a hearing is made. Pursuant to 4:15(e), entitled, "Definition of Served":

> For purposes of this Rule, a pleading shall be deemed served when it is actually received by, or in the office of, *counsel of record* through delivery, mailing, facsimile transmission or electronic mail *as provided in Rule 1:12*.

Emphasis added.

Rule 1:12 states:

> All pleadings, motions and other papers *not required to be served otherwise* . . . shall be served by delivering, dispatching by commercial delivery service, transmitting by facsimile, delivering by electronic mail when Rule 1:17 so provides or when consented to in writing signed by the person to be served, or by mailing, a copy to each counsel of record on or before the day of filing.

Emphasis added.

A reading of the plain language of Rule 4:15, which derives its authority from Rule 1:12, compels the Court to conclude that Rules 4:15 and 1:12 only govern service of those pleadings, motions and papers not subject to other statutory or common law service requirements. Va. Code § 20-112, which governs the service requirements in domestic relations cases that are reopened, states, in part:

> When the proceedings are reopened to increase, decrease, or terminate maintenance and support for a spouse or for a child . . . the petitioning party shall give such notice to the other party by service of process or by order of publication as is required by law.

Essentially, this statute provides that when a domestic relations case is reopened, the non-petitioning party is entitled to the same service of process requirements to which they would be entitled if a new domestic relations suit had begun. The case at bar is a domestic relations reopen case. Thus, despite the fact that Defendant's motion is made in a case previously commenced, the service requirements set forth by Va. Code § 20-112 apply and supersede the deferential authority of Rules 4:15 and 1:12. It follows that mere invocation of, and compliance with, Rules 4:15 and 1:12 is not sufficient to affect service of process of Defendant's Motion for Visitation and Reduction of Child Support.

Turning to Va. Code § 20-99, which governs service requirements at the institution of domestic relations cases, "Process or notice in such proceedings shall be served in this Commonwealth by any of the methods prescribed in § 8.01-296." Va. Code § 8.01-296 pertinently states:

Subject to the provisions of § 8.01-286.1, in any action at law or in equity or any other civil proceeding in any court, process, for which no particular mode of service is prescribed, may be served upon natural persons as follows:

1. By delivering a copy thereof in writing to the party in person; or

2. By substituted service in the following manner:

a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or

b. If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

3. If service cannot be effected under subdivisions 1 and 2, then by order of publication in appropriate cases under the provisions of §§ 8.01-316 through 8.01-320.

Va. Code § 8.01-286.1 sets forth the duties, requirements, and procedures for defendants to waive service of process at the commencement of a civil suit. This waiver must be filed with the Court. *Id.* In reviewing the case file, there is no evidence Plaintiff, who would be in the shoes of a "defendant" as contemplated by Va. Code 8.01-286.1, waived service.

The statutory provisions governing requirements for service in domestic relations reopened cases, Defendant's mere mailing of pleadings and Rule 4:15(e) certification, is deficient. It should be noted that, because Plaintiff proceeds in this suit *pro se* and thus may not be considered "counsel of record" as contemplated by Rules 4:15 and 1:12, even if Rules 4:15 and 1:12 governed Defendant's service requirements, Defendant's notice would, nevertheless, be insufficient. First, merely mailing Plaintiff a copy of a pleading does not constitute either personal service under § 8.01-296(1), substituted service under § 8.01-296(2), or service by publication under § 8.01-296(3). As such, Defendant's mailing of pleadings and Rule 4:15 certification, without more, is not sufficient to constitute proper service. Second, the Defendant certifies to have mailed a copy of the Praecipe on

May 20, 2011, the same date of the hearing of Defendant's modification motion. Even ignoring the posting requirement of Va. Code § 8.01-296(2) (b), it follows that Defendant did not certify to have mailed a copy of his pleadings to Plaintiff in such a manner as would give Plaintiff a reasonable opportunity to participate in the hearing. As such, the Court holds that Plaintiff was not properly served with notice of the May 20, 2011, hearing of the Defendant's Motion for Visitation and Reduction of Child Support.

Because Plaintiff was not properly served, the Court's May 25, 2011, Order is vacated, restoring the Defendant's child support obligation to that which is provided for in the January 21, 2009, Final Decree of Divorce. If Defendant desires to reduce that support obligation, he must re-bring his motion for reduction of support and properly serve Plaintiff with notice of the hearing of that motion.

## II. *Defendant's Rule To Show Cause*

The second issue before the Court is whether Plaintiff should be held in contempt of Court for failure to comply with the custody and visitation provisions of the Court's January 21, 2009, Final Decree of Divorce. The Court has plenary authority at equity to make this determination. Pursuant to Va. Code § 20-124.2(E):

> The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section or § 20-103 including the authority to punish as contempt of court any willful failure of a party to comply with the provisions of the order.

The January 21, 2009, Final Decree provides that "The Mother/Plaintiff, Suzanne Marie Natal shall have sole legal and primary physical custody of the minor children. Father/Defendant, Alex Junior Natal shall have reasonable visitation rights subject to the discretion of the Mother."

At hearing, the Defendant presented evidence that he last saw the children on December 11, 2009, and last spoke to the children via telephone on or about March 15, 2011. Plaintiff presented evidence that the Defendant's living situation poses safety and welfare concerns to children, making any of the visitation scenarios proposed by the Defendant unreasonable. The Court holds upon evidence presented at hearing that Plaintiff's withholding of visitation, under the circumstances presented, is reasonable in consideration of the best interests of the minor children and the discretion the Final Decree of Divorce affords her. As such, the Rule To Show Cause brought against her is dismissed.

The Court is careful to note that, with its ruling today, the Court is not authorizing the Plaintiff to summarily withhold visitation of her minor

children. Pursuant to the January 21, 2009, Final Decree, her discretion must be exercised in a manner that effects the "reasonable visitation" provision of that order. Nor is the Defendant left without remedies to modify the terms governing his visitation with children going forward. Because the circuit court has continuing jurisdiction over this case under Va. Code § 20-124.2(E), Defendant may, with a properly made and properly served motion, seek to modify the visitation provision just as he may again seek to modify his child support obligations.

### Conclusion

Because the Court is not convinced, after the hearing of evidence, that Plaintiff is not in compliance with the custody and visitation provisions of the Court's January 21, 2009, Final Decree of Divorce, Defendant's Rule to Show Cause is dismissed. Because the service requirements for domestic relations cases being reopened are set forth by Va. Code § 20-112 and related statutes, because Rules 4:15 and 1:12 are deferential to those statutes and because there is no evidence of service by Defendant Natal upon Plaintiff Tarazona as required by pertinent statutes, the Court holds Plaintiff was not properly served with notice of Defendant's Motion for Visitation and Reduction of Child Support. Because Plaintiff was not properly served, her Motion To Reconsider is granted. The Court's May 25, 2011, Order is vacated.

### Order

This matter came before the Court on December 2, 2011, on Defendant's rule to show cause and on Plaintiff's motion to reconsider the Court's May 25, 2011, Order modifying the terms of the parties' child support obligations. It appearing to the court for the reasons set forth in the Court's Letter Opinion dated February 28, 2012, that the Plaintiff's motion should be granted; and it further appearing to the court for the reasons set forth in the Court's Letter Opinion dated February 28, 2012, that the Defendant's Rule To Show Cause should be dismissed; it is, therefore, ordered that the Court's Letter Opinion of February 28, 2012, is incorporated into this Order; and it is further ordered that Plaintiff's motion to reconsider is granted; and it is further ordered that Defendant's rule to show cause is dismissed; and it is further ordered that this Court's May 25, 2011, Order is vacated.